Filed 12/19/22  P. v. Peyton CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LEE EDWARD PEYTON,<br><br>    Defendant and Appellant. | 2d Crim. No. B320908<br>(Super. Ct. No. 2016004171)<br>(Ventura County) |

Lee Edward Peyton appeals from the trial court's order denying his motion to vacate certain fines and fees.  We vacate the order.

FACTUAL AND PROCEDURAL HISTORY

In 2017, a jury convicted Peyton of three counts of lewd acts on a child (Pen. Code,[1] § 288, subd. (c)(1)) and one count of rape (§ 261, subd. (a)(2)).  The trial court sentenced him to 66 years to life in state prison.  The court also ordered Peyton to pay various fines and fees, including a $506.68 booking fee (Gov. Code, former

---

[1] Unlabeled statutory references are to the Penal Code.

§§ 29550.1 & 29550.2) and a $300.00 public defender fee (former § 987.5). This court affirmed the judgment on direct appeal. (*People v. Peyton* (Aug. 16, 2018, B283608) [nonpub. opn.].)

In 2022, Peyton moved to vacate all the fines and fees imposed at sentencing. The trial court denied the motion.

## DISCUSSION

Peyton contends, and the Attorney General concedes, that the trial court should have granted his motion insofar as he requested vacating the booking and public defender fees imposed as part of his sentence. We agree.

As of July 1, 2021, a trial court no longer has the ability to order a convicted defendant to pay certain fines and fees, including booking fees and public defender fees. (Assem. Bill. No. 1869 (2019-2020 Reg. Sess.), stats. 2020, ch. 92, §§ 1, 11, & 62.) Any balance of those fees remaining on July 1, 2021, is unenforceable and uncollectible, and any portion of a judgment imposing them must be vacated. (Gov. Code, § 6111, subd. (a) [booking fees]; § 1465.9, subd. (a) [public defender fees].) This is true for all cases where the now-eliminated fees were owed as of the vacatur statutes' effective dates. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 626-627; *People v. Clark* (2021) 67 Cal.App.5th 248, 260.) Because Peyton's is such a case, the trial court should have granted his motion insofar as it requested vacating the booking and public defender fees.

## DISPOSITION

The portion of the trial court's May 19, 2022, order denying Peyton's request to vacate the booking fee and public defender fee from the judgment in his 2017 case is vacated. In all other respects, the order is affirmed. The trial court is directed to

prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.


3

Michele M. Castillo, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.